IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM LoPICCOLO | : | No. 10-3131 |
| v. | : | |
| AMERICAN UNIVERSITY, et al | : | |

## MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S ANSWER TO THE MOTION TO DISMISS

### I. STATEMENT OF PURPOSE OF REPLY BRIEF

Defendant, Mark Cody, respectfully requests permission to file this reply brief. The purpose is to address factual allegations raised in the Answer to the Motion to Dismiss which are not referenced in the brief filed in opposition to the Motion to Dismiss.

### II. ARGUMENT

Plaintiff's memorandum of law in opposition to a demurrer simply states that the Plaintiff has a claim because the complaint alleges that he was a scholarship athlete who was dismissed from the team without cause. The Defendant did not dispute that these allegations are sufficient to set forth a claim for breach of contract. The arguments in favor of a demurer, however, raised other legal issues.

**A.     All of the Tort Claims are Barred by the Statute of Limitations.**

Plaintiff does not address this issue in his brief. The claims for fraud, intentional infliction of emotional distress and negligent infliction of emotional distress all have a two year statute of limitations in Pennsylvania. The memorandum of law does not address how they survive the bar of the statute of limitations.

The Answer to the motion, though, suggests that these claims might not be barred by Pennsylvania's Statute of Limitations if this Court were to transfer the case to the District of Columbia because of the three year statute of limitations in DC. See Plaintiff's Answer to Motion to Dismiss, Paragraphs 5-7. The Plaintiff, though, has not requested that this case be transferred to DC. If this case does remain in Pennsylvania, by his own admission, the claims for fraud, intentional infliction of emotional distress and negligent infliction of emotional distress must be dismissed.

The three year statute of limitations, though, would not save the Plaintiff. These tort claims all relate to the damages sustained by Plaintiff when he was thrown off of the wrestling team. Since this event happened in January of 2007, they are still barred by a three year statute of limitations. The Plaintiff's answer fails to address how these claims survive the bar of the statute of limitations.

### B. Mark Cody has no Personal Liability on the Breach of Contract Claim.

Plaintiff does not address this issue in his brief. In the answer, the Plaintiff generally states that the Complaint is replete with allegations of personal conduct on behalf of Mark Cody. See Plaintiff's Answer to Motion to Dismiss, paragraph 11. The answer also alleges that any tortuous conduct is independently actionable. Id. Mark Cody does not deny these statements. The Motion to Dismiss, though, alleged that Mark Cody was not a proper defendant to Counts I and II, because those were contractual claims against American University where Mark Cody was an agent of a disclosed principle.

### C. Plaintiff had only One Year of Eligibility Remaining

Defendant's argument that the amount in controversy did not exceed $75,000 was not addressed in Plaintiff's brief. The argument was based on the observation that a fair reading of the complaint revealed that the Plaintiff had only one year of eligibility remaining, not two as claimed by Plaintiff.

In the answer to the motion, however, Plaintiff alleged that he might be able to show that he had two years of eligibility remaining because he could either have been a medical redshirt or could have gotten the Team USA redshirt. Paragraph 17. No facts exist to support these theories. In order to assert such a claim, the Plaintiff would have been required to assert the following facts:

1. He was injured in 2007 and not able to wrestle.

2. Prior to being injured he had not competed in any wrestling matches in 2007, a fact refuted by the Complaint's repeated references to how good a season he was having.

3. He was invited to try out for the 2008 Olympic team.

4. The NCAA was willing to waive the "4 in 5" rule that required an athlete to complete his four years of eligibility within five years of first entering college.

5. An estimate of the value of his scholarship during his TEAM USA redshirt since during that year he would be in Colorado training for the Olympics.

The Plaintiff never had two years of eligibility remaining. The answer concedes that he only had one year but postulates two theories on how he could have spread that out over two years. Both theories, though, were impossible due to his sitting out one year prior to coming to American University. Even if this court were to accept everything accepted in the Complaint, the most the Plaintiff could recover would be the value of one year at American University, or $50,000.

III. CONCLUSION

The Plaintiff spends a great deal of time addressing the questions of personal jurisdiction and venue.[1] The brief itself fails to address any of the other arguments advanced on why this matter should be dismissed. For the reasons stated in the Motion to Dismiss and outlined herein, the allegations against Mark Cody should be dismissed with prejudice.

Respectfully Submitted,

REGER RIZZO & DARNALL, LP

BY: _____
Louis J. Rizzo, Esquire
Robert J. Foster, Esquire
2929 Arch Street
Cira Centre, 13th Floor
Philadelphia, PA 19104
215-495-6500

---

[1] Defendant refers the Court to its prior arguments on those issues. While the Defendant does dispute some of the details in the affidavits, such as the number of phone calls and the details of the meeting at Hershey, the disputes are not significant enough to alter the analysis this Court will be required to make on the questions of jurisdiction.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM LoPICCOLO | : No. 10-3131 |
| | : |
| v. | : |
| | : |
| AMERICAN UNIVERSITY, et al | : |

## CERTIFICATE OF SERVICE

I, Robert J. Foster, Esquire, hereby certify that a true and correct copy of Defendant's Memorandum of Law in Response to Plaintiff's Answer to the Motion to Dismiss was served upon the following counsel of record via electronic filing and/or first class mail on the 2 day of November, 2010.

Jonathan D. Weiss, Esquire
Marshall Dennehey
1845 Walnut Street
Philadelphia, PA 19103

Tracy Paul Hunt, Esquire
110 N. State Street
Newtown, PA 18940

REGER RIZZO & DARNALL LLP

By: _____
Louis J. Rizzo, Jr., Esquire
Robert J. Foster, Esquire
2929 Arch Street
Cira Centre, 13th Floor
Philadelphia, PA 19104
215-495-6500